**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LEHIGH ACRES LOT OWNERS
ASSOCIATION, INC.,

        Plaintiff,

v.                                                    Case No. 6:16-cv-933-Orl-37GJK

THINK SIMPLICITY INC.; and
ALEXANDER PEROVICH,

        Defendants.

_____

## ORDER

This cause is before the Court on the parties' Joint Motion for Preliminary Approval of Settlement and Incorporated Memorandum of Law (Doc. 24), filed January 13, 2017.[1]

After review and consideration of the settlement agreement (Doc. 24-1 ("**Settlement Agreement**")), and in accordance with prevailing law, it is hereby **ORDERED AND ADJUDGED**:

1. The parties' Joint Motion for Preliminary Approval of Settlement and Incorporated Memorandum of Law (Doc. 24) is **GRANTED**.

2. By stipulation of the parties, and pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court conditionally certifies the following settlement class for settlement purposes only:

> All natural persons and entities in the United States who were sent a facsimile advertisement, by or on behalf of Think Simplicity, Inc. and/or Alexander Perovich, between April 30, 2015 and February 22, 2017, that advertised Think Simplicity, Inc.'s products

---

[1] The Court adopts all defined terms as set forth in the parties' proposed Settlement Agreement. (Doc. 24-1.)

and/or services, where the advertisement failed to contain opt-out language compliant with requirements of the Telephone Consumer Protection Act of 1991 ("**TCPA**") and/or its accompanying regulations [("**Settlement Class**")].

3. The Court finds that this conditional class certification is appropriate because: **(a)** the Settlement Class is so numerous that joinder of all members is impractical; **(b)** there are common questions of law and fact that predominate over any questions affecting only individual class members; **(c)** Plaintiff's claims are typical of the claims of the class; **(d)** Plaintiff and its counsel will fairly and adequately protect the interests of the Settlement Class; and **(e)** a class action is the superior method for resolving this controversy—**(i)** given the nature and small size of the class members' individual claims; **(ii)** given the class members' lack of interest in individually controlling the prosecution of separate actions; and **(iii)** because resolution on a class wide-basis will promote judicial economy and efficiency.

4. The Court further finds that this conditional class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3), because questions of law and/or fact common to members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

5. The Court further finds that the settlement of this action, as embodied in the terms of the Settlement Agreement, including all exhibits thereto, is **PRELIMINARILY APPROVED** for the purposes of settlement, pursuant to

Federal Rule of Civil Procedure 23(e). The Court finds that the terms of the Settlement Agreement were based on confirmatory discovery and the product of extensive, arm's length negotiations between experienced counsel, and thus are fair, reasonable and adequate, and well within the range of reasonableness for preliminary settlement approval.

6.     The Court **APPOINTS** Lehigh Acres Lot Owners Association, Inc. ("**Plaintiff**"), as the "Class Representative" for the Settlement Class, and appoints Plaintiff's attorneys (Richard Bennett and Peter Bennett of Bennett & Bennett, and Joshua A. Glickman and Shawn A. Heller of the Social Justice Law Collective, PL) as "**Class Counsel**" for the Settlement Class.

7.     In compliance with the Class Action Fairness Act ("**CAFA**"), 28 U.S.C. § 1715, Defendants shall serve written notice of the proposed Settlement Agreement on the U.S. Attorney General and the Attorney General of Florida.

8.      The Settlement Agreement is incorporated by reference into this Order and is hereby preliminarily adopted as an Order of this Court.

9.     The Settlement Agreement proposes notice to the Settlement Class in the form of Exhibit A-2 to the Joint Motion (Doc. 24-1, pp. 18–21 ("**Class Notice**")), and by facsimile transmission to the facsimile telephone numbers of the Settlement Class members, as identified by the Hunter Declaration (Exhibit B to the Joint Motion (Doc. 24-3)). The Parties further agree that the Settlement Administrator shall send the Class Notice by first class U.S. Mail to the mailing address on file with Class Counsel of any

Settlement Class member whose Class Notice was not successfully transmitted after three attempts, as identified by the Hunter Declaration.

10. The Court **APPROVES** the manner and substance of the Class Notice as the best practicable notice under the circumstances and because it is reasonably calculated to apprise Settlement Class members of the pendency of this action and their right to object or to exclude themselves from the Settlement Class. The Court further finds that the Class Notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it satisfies the requirements of due process and Federal Rule of Civil Procedure 23.

11. The Court **PRELIMINARILY APPOINTS** Class-Settlement.com as the Class Administrator, which shall provide notice and administer the settlement in accordance with the terms and conditions of the Settlement Agreement and this Order.

12. The Parties are **DIRECTED** to provide the Class Notice to the Settlement Class within **fourteen calendar days** following entry of this Order ("**Notice Deadline**"), in the manner, form and substance as proposed by the Parties in the Settlement Agreement.

13. The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

   a. Settlement Class Members shall have **forty-five calendar days** after the Notice Deadline ("**Opt-Out Deadline**") to either file a claim

or opt out of the proposed settlement in accordance with the procedures set forth in the Class Notice—Question 5, Part C, Part A, and Proof of Claim Form;

**b.**   Settlement Class Members shall have **sixty calendar days** after the Notice Deadline ("**Objection Deadline**") to object to the proposed settlement in accordance with the procedures set forth in the Class Notice—Question 5, Part D; and

**c.**   Papers in support of final approval of the proposed settlement shall be filed no later than **twenty-one calendar days** after the Objection Deadline.

14.   A Final Approval Hearing identified in the Class Notice will be held before the Undersigned on **Friday, June 16, 2017**, **at 10:00 a.m**., in Courtroom 4A of the George C. Young Courthouse, 401 West Central Boulevard, Orlando, Florida 32801 to address whether: **(a)** to finally certify the Settlement Class under Rules 23(a) and 23(b)(3); **(b)** whether the proposed Settlement should be finally approved as fair, reasonable, adequate, and in the best interest of the Settlement Class; and **(c)** whether any application for an award of attorneys' fees, costs, and expenses should be approved.

15.   Any Settlement Class Member who does not file an objection by the Objection Deadline or in the manner described in the Class Notice shall be deemed to have waived such objection.

16.   Any persons who would otherwise be Settlement Class Members and who do not notify the Settlement Administrator of their intent to exclude

themselves by the Opt-Out Deadline shall be deemed to have waived their right to be excluded from the Settlement Class.

17. In the event that a Judgment is not entered by the Court, the Effective Date of the Settlement does not occur, or the Settlement Agreement otherwise terminates according to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purpose whatsoever, including without limitation for any evidentiary purpose (including but not limited to class certification), in this Action, or any other Action. In such event, the Settlement Agreement, exhibits, attachments, and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all of the parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

18. All proceedings in this action are stayed until further Order of the Court, except as may be necessary to implement the terms of the Settlement Agreement.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 22, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record