UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEHIGH ACRES LOT OWNERS
ASSOCIATION, INC., individually and
on behalf of all others similarly situated,

        Plaintiff,

v.                               Case No. 6:16-cv-933-Orl-37GJK

THINK SIMPLICITY, INC.; and
ALEXANDER PEROVICH,

        Defendants.

_____

## ORDER AND FINAL JUDGMENT

This cause is before the Court on the Joint Motion for Miscellaneous Relief, Specifically for Final Approval of Class Action Settlement and Incorporated Memorandum of Law by Lehigh Acres Lot Owners Association, Inc. (Doc. 30), filed May 30, 2017. Upon consideration of the Joint Motion, the supporting documentation, and the representations made at the hearing on June 19, 2017, the Court finds that the Joint Motion is due to be granted.

Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED**:

1.      The Joint Motion for Miscellaneous Relief, Specifically for Final Approval of Class Action Settlement and Incorporated Memorandum of Law by Lehigh Acres Lot Owners Association, Inc. (Doc. 30) is **GRANTED**.

2.      By this reference, the Court adopts and incorporates all of the terms of the Settlement Agreement in this Order and Final Judgment.

3. This Court has jurisdiction over Plaintiff Lehigh Acres Lot Owners Association, Inc., Defendants Think Simplicity, Inc. and Alexander Perovich ("**Defendants**"), counsel who have appeared on behalf of Plaintiff and Defendants in this action, the members of the Settlement Class, and the claims asserted in this lawsuit.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court **FINALLY CERTIFIES** the following "Settlement Class" for settlement purposes only:

> All natural persons and entities in the United States who were sent a facsimile advertisement, by or on behalf of Think Simplicity, Inc. and/or Alexander Perovich, between April 30, 2015 and February 22, 2017, that advertised Think Simplicity, Inc.'s products and/or services, where the advertisement failed to contain opt-out language compliant with the requirements of the TCPA and/or its accompanying regulations.

The Parties have expressly agreed to this Settlement Class definition for settlement purposes only.

5. The Court finds that the Class Notice given to members of the Settlement Class in this action was the best notice practicable under the circumstances, was reasonably calculated to apprise the Settlement Class members of the pendency of this action and their right to object or to exclude themselves from the Settlement Class, and satisfied the requirements of due process and Federal Rule of Civil Procedure 23.

6. The Court finds that notice was given by Defendants to the U. S. Attorney General and the Attorney General of Florida, in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

7.      No Settlement Class member filed an objection, and the deadline to do so has passed.

8.      No persons opted out of the Settlement Class, and the deadline to do so has passed.

9.      The Settlement meets all the applicable requirements under Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(e).

10.     Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court finds that the settlement of this action, as embodied in the terms of the Settlement Agreement, is fair, adequate, and reasonable. These findings are reached after due consideration of the uncertainty of the Settlement Class's success on the merits of their claims; the range of their possible recovery; the complexity, expense and duration of the Action; the lack of opposition to the Settlement; the state of proceedings at which the Settlement was achieved; the written submissions, affidavits, and arguments of counsel; the notice; and the hearing. The Court also finds that the monetary relief provided for in the Settlement Agreement falls within a range that is fair, adequate and reasonable.  Accordingly, the Settlement Agreement is **FINALLY APPROVED**.

11.     The Parties and the Settlement Class shall be bound by the Settlement Agreement. This Order, when entered, shall constitute a Final Judgment as defined by the Settlement Agreement.

12.     The Settlement Class shall be deemed to have, and by operation of this Final Judgment shall have released their claims against Defendants in accordance with the terms of the Settlement Agreement.

13.     As stated in the Settlement Agreement, each member of the Settlement Class who submitted a timely and valid Claim Form shall be paid **$390.00**. The Settlement Administrator is directed to cause those checks to be mailed after receiving the funds from Defendants. Checks issued to the claiming Settlement Class members will be void 180 days after issuance and the total amount from voided checks shall revert back to Defendants.

14.     Pursuant to the parties' agreement, the Court approves Class Counsel's attorney fees in the total amount of **$29,702.40**, inclusive of out-of-pocket litigation expenses. The Court finds the amount of fees to be reasonable under the circumstances. Defendants are directed to pay that amount in accordance with the Settlement Agreement.

15.     Pursuant to the parties' agreement, the Court approves a **$5,000.00** incentive award to plaintiff, Lehigh Acres Lot Owners Association, Inc. for serving as the Class Representative. The Court finds the amount of the incentive award to be reasonable under the circumstances of this case. Defendants are directed to pay that amount in accordance with the Settlement Agreement.

16.     The Parties to the Settlement Agreement are directed to carry out their respective obligations as agreed upon in the Settlement Agreement.

17.     This action, including all claims against Defendants asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class members against Defendants, is **DISMISSED WITH PREJUDICE** and without taxable costs to any Party.

18.     All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her, or it brought in this Court or any other forum (other than persons who have properly opted out of the Settlement) are barred pursuant to the releases set forth in the Settlement Agreement. All persons and entities are enjoined from instituting, either directly or indirectly, any action against Defendants in this Court or in any other court or forum, asserting any claims that are being settled or released herein.

19.     The Court retains jurisdiction over this action, Plaintiff and all members of the Settlement Class, and Defendants, to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

20.     The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

21.     The Clerk is **DIRECTED TO CLOSE** this action.

**DONE AND ORDERED** in Orlando, Florida, this 20th day of June, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record